**MANDALAY SHORES COOPERATIVE HOUSING ASSOCIATION, INC.,**
Plaintiff-Appellant,

v.

**Samuel R. PIERCE, Jr., Secretary of U. S. Department of Housing & Urban Development, et al., Defendants-Appellees.**

No. 81–5317.

United States Court of Appeals,
Fifth Circuit.*
Unit B

Feb. 18, 1982.

Rehearing and Rehearing En Banc Denied June 7, 1982.

---

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

Jawdet I. Rubaii, Clearwater, Fla., James G. Mahorner, Tallahassee, Fla., Victor A. Altman, Washington, D. C., for plaintiff-appellant.

Gary J. Takacs, Asst. U. S. Atty., Tampa, Fla., David Deutsch, Don Franck, Dept. of HUD, Washington, D. C., for defendants-appellees.

** Honorable Edward S. Smith, Judge for the U.

Before HILL, Circuit Judge, SMITH **, Judge, and HENDERSON, Circuit Judge.

SMITH, Judge:

Appellant, Mandalay Shores Cooperative Housing Association, Inc. (cooperative), appeals a judgment of the United States District Court for the Middle District of Florida, denying appellant's motion for a preliminary injunction and granting appellee's motion for summary judgment in favor of appellees, Samuel R. Pierce, Jr., et al., Department of Housing and Urban Development (hereafter HUD). Appellant requests (1) that HUD be enjoined from selling Mandalay Shores Apartments of Clearwater, Florida (the project) until the present litigation is finally completed and (2) that the case be remanded to the district court in order that material issues of fact present may be litigated. The project is one to which HUD acquired fee simple title in 1977 after the second of two defaults on the mortgage. The cooperative is a nonprofit corporation formed by a number of the tenants of the apartments, for the purpose of negotiating a purchase of the project. In its memorandum opinion the district court held that HUD, acting through its Property Disposition Committee, did not exercise discretion in an arbitrary and capricious manner in rejecting appellant's offer of purchase. We denied the motion for injunction in July 1981 and, after hearing oral arguments, we denied appellant's request that we stay HUD's opening of competitive bids on the project and, subsequently, that a closing of sale scheduled for December 16, 1981, be stayed, *pendente lite.* After giving full consideration to the parties' arguments, briefs and other submissions, and the record, we affirm the decision of the district court as contained in its memorandum opinion dated April 2, 1981.

Appellant claims that the district court made a number of errors; however, since

S. Court of Claims, sitting by designation.

we affirm the lower court's decision and analysis of the issues it discussed we note briefly only those issues which the lower court did not directly address.

■ First, appellant claims that a provision in leases which its members entered into with the Receiver in Bankruptcy of the project requires HUD to sell the project to appellant. The leases stated that

Should the Landlord announce in writing an intention to submit the * * * [project] to a plan of cooperative or condominium ownership, * * * [t]enant herein will be given first option to purchase the apartment at the price and upon terms set forth in any such plan.

Even viewing the clause as binding on HUD, it is not enforceable since HUD decided that the project should remain a rental property.

■ Second, appellant argues that under the doctrine of equitable estoppel HUD is required to negotiate with the cooperative. Appellant's only plausible basis for this claim involves a meeting between representatives of appellant and Marilyn Melkonian, the then Deputy Assistant Secretary for Multifamily Housing Programs of HUD, who appellant alleges assured the cooperative that HUD would negotiate exclusively with it for the sale of the project. Ms. Melkonian submitted an affidavit which stated that she never made any such assurances. However, even if she made such a statement and even if the regulations[1] modifying the procedure for selling unsubsidized projects to tenant cooperatives are, as appellant claims, invalid, appellant still does not have a cause of action. The regulations which the contested regulations superseded restricted to the Property Disposition Committee the authority to transfer multifamily projects.[2] Therefore, since unauthorized actions by HUD officials do not bind the agency and since appellant is deemed to have notice of the officials' limited authority, appellant offers no grounds for application of equitable estoppel.[3]

■ Finally appellant claims that the amendment to 12 U.S.C. § 1701z–11(c)[4] contained in the Housing and Community Development Act of 1980[5] somehow affects the parameters of the Secretary's discretion in disposing of HUD projects. Nothing in the statute or the legislative history of the act[6] gives appellant grounds for that belief. The amendment does not change, in any way relevant here, HUD's discretion as to how to dispose of the project.

■ Appellant has not demonstrated that there are material issues of fact to be litigated. "[W]hen a movant makes out a convincing showing that genuine issues of fact are lacking, we require * * * [in order to deny a motion for summary judgment] that the adversary adequately demonstrate by receivable facts that a real, not formal, controversy exists * * *."[7] (Footnote omitted.) We hold that there are no remaining genuine material issues of fact in this case and, therefore, the decision of the district court is

AFFIRMED.

---

1. 24 C.F.R. §§ 290.7, 290.53(c) (1981); 44 Fed. Reg. 56,609 (1979).

2. 24 C.F.R. § 290.40 (1981).

3. See *Housing Corp. of America v. United States*, 199 Ct.Cl. 705, 711, 468 F.2d 922, 925 (1972).

4. 12 U.S.C. § 1701z–11(c)(3) (Supp. IV 1980) reads, in part "(c) * * * the Secretary shall seek to * * * (3) maintain the project for purposes of providing rental or cooperative housing for the longest feasible period."

5. Pub.L. No. 96–399, 94 Stat. 1614 (1980).

6. H.R.Conf.Rep. No. 1420, 96th Cong., 2d Sess. 107, *reprinted in* [1980] U.S.Code Cong. & Ad. News 3506, 3617, 3652.

7. *Bruce Constr. Corp. v. United States*, 242 F.2d 873, 875 (5th Cir. 1957).